UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ERAZO,

    Plaintiff,

v.

                                    Case No. 2:25-cv-891-KCD-DNF

DAVID HARDIN, IN HIS OFFICIAL CAPACITY AS WARDEN OF GLADES DETENTION FACILITY; AND ACTING DIRECTOR US IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY,

    Defendants.
_____/

## **ORDER**

Petitioner Jose Erazo is an alien detained at the Glades County Detention Center. (Doc. 1.) He has filed a habeas corpus petition asking that this Court grant him a bond hearing before an immigration judge, or alternatively, "order [his] immediate release . . . from ICE custody." (*Id.* at 6.)[1] Now before the Court is Erazo's Emergency Motion for Temporary Restraining Order. (Doc. 2.)

To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable

---

[1] For ease of reference, the Court cites to the page numbers generated by its electronic filing system.

injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). Additionally, a court may issue injunctive relief without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

For starters, Erazo has not satisfied the procedural requirements needed for a temporary restraining order. There is no certification of any efforts made to provide notice of the motion or the reasons why notice should be excused. "So the Court denies the motion." *Colella v. Rogers*, No. 5:25-CV-293-SPC-PRL, 2025 WL 1370200, at *1 (M.D. Fla. May 12, 2025).

Equally problematic is the relief Erazo seeks. "The purpose of a temporary restraining order . . . is to protect against irreparable injury and

preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo*, 403 F.3d at 1231. Erazo does not seek to maintain the status quo but rather to obtain (immediately) the ultimate relief sought in the habeas petition. (*See* Doc. 2 at 5.) "[R]elief altering the status quo rather than maintaining it is routinely denied by courts." *Goldstein v. Nat'l Collegiate Athletic Ass'n*, No. 3:25-CV-00027-TES, 2025 WL 581333, at *2 (M.D. Ga. Feb. 20, 2025); *Ludy v. Dozier*, No. 1:18-CV-165 (WLS), 2019 WL 13434824, at *1 (M.D. Ga. Oct. 25, 2019) (denying injunction where it "would alter the status quo and provide [the movant] the relief he seeks before the Court is able to adjudicate this case on the merits").

For these reasons, Erazo's motion (Doc. 2) is **DENIED**. It is **ORDERED** in Fort Myers, Florida on October 9, 2025.

Kyle C. Dudek
United States District Judge

3