UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ERAZO,

    Plaintiff,

v.

    Case No. 2:25-cv-891-KCD-DNF

DAVID HARDIN, IN HIS OFFICIAL CAPACITY AS WARDEN OF GLADES DETENTION FACILITY; AND ACTING DIRECTOR US IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY,

    Defendants.

## ORDER

Petitioner Jose Erazo has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention without a hearing contravenes the Fifth Amendment and international law.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

(*Id.* at 3-5.)[2] Defendants responded. (Doc. 16.) For the reasons below, the petition is **GRANTED IN PART AND DENIED IN PART**.

Erazo illegally entered the United States in 1999. (Doc. 1 ¶ 12.) He has "lived in this country, with one brief absence, since that time," most recently working as a roofer. (*Id.* ¶¶ 12-13.) Three months ago, Erazo was arrested by ICE. (Doc. 16 at 2.) After processing, he landed at Glades Detention Center in the Middle District of Florida. (Doc. 1 ¶ 1.)

ICE is holding Erazo under 8 U.S.C. § 1225. (Doc. 16.) This matters because aliens detained through § 1225(b)(2) must remain in custody throughout their removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[Sections] 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded."). He is now in removal proceedings and being held under a "Notice to Appear" that charges him with unlawfully entering the United States. (Doc. 16-1.)

The heart of this case is a question of statutory interpretation involving the interplay between 8 U.S.C. §§ 1225 and 1226. According to Erazo, the Attorney General is unlawfully holding him under § 1225(b)(2), which mandates his detention, instead of under § 1226(a)'s discretionary detention

---

[2] For ease of reference, the Court cites the page numbers generated by its electronic filing system.

2

scheme, where he could be eligible for release. As a result, his continued detention without a bond hearing is unconstitutional.

As the Government concedes, the Court has already covered this ground and addressed the issues raised by Erazo. *See Hernandez-Lopez v. Hardin, et al.*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895, at *6 (M.D. Fla. Oct. 31, 2025). There, the Court was satisfied of its jurisdiction and found that petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The same result applies here. It is undisputed that Erazo has been in the United States since at least 1999. His detention is thus governed by § 1226. And as a noncitizen detained under § 1226, Erazo is entitled to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Erazo seeks a writ of habeas corpus directing "Respondents to immediately hold a bond hearing," or, in the alternative, to "order [his] immediate release … from ICE custody." (Doc. 1 at 6.) The Court cannot release Erazo. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Erazo is an alien without lawful status. So he is entitled to a bond hearing

3

under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *12 (W.D. Tex. Sept. 22, 2025). Consistent with the "comfortable majority position," the Court will instead require Respondents to provide Erazo with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

One last issue. Erazo's Petition also challenges his detention under the Fifth Amendment and international law. These claims are not addressed "given that the Court [is granting] the relief [Erazo is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Erazo with a bond hearing as ordered, he can renew his claims in a subsequent complaint.

For the reasons given, Erazo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders Respondents to provide Erazo with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 14, 2025.

Kyle C. Dudek
United States District Judge